UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| STEVEN LEVIN, | ) | No. 09 B 45649 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

### ORDER SUSTAINING DEBTOR'S OBJECTION
### TO CLAIM OF RITA SCHULMAN

On May 31, 2011, this court entered an order enforcing its final pretrial order and barring creditor Rita Schulman from presenting evidence at the evidentiary hearing set for today on debtor Steven Levin's objection to Schulman's claim. On June 1, 2011, Schulman filed a motion to vacate the May 31 order. The motion to vacate was denied on the June 3 presentment date. At the June 3 hearing on the motion, the court also suggested that Schulman's proof of claim could not serve as prima facie evidence of her claim under Rule 3001(f) and so, given the May 31 sanctions order, she could not meet her burden of proof at today's hearing.[1] The court questioned counsel and entertained brief argument on the subject, ultimately concluding that Schulman indeed could not meet her burden of proof, the evidentiary hearing was unnecessary and Levin's objection should be sustained. This order embodies and explains that ruling.

Under Bankruptcy Rule 3001(f), a proof of claim "executed and filed in accordance with these rules" constitutes prima facie evidence both of the claim's validity and of the amount. Fed. R. Bankr. P. 3001(f). That means that in the face of an objection, a claimant can rest on the proof

---

[1] The court was prompted to raise the question because Levin appeared to be arguing in his trial brief that Schulman's proof claim was not entitled to be deemed prima facie evidence of the claim. At the June 3 hearing, Levin's counsel clarified that Levin was indeed making that argument.

of claim itself, and the objecting party will have the burden of going forward at a hearing on the objection. *In re Vanhook*, 426 B.R. 296, 298 (Bankr. N.D. Ill. 2010). Ordinarily, then, the May 31 order barring Schulman from presenting evidence would not obviate the need for today's hearing on Levin's objection. The proof of claim alone would make out Schulman's prima facie case, and Levin would have the burden of going forward.

If a proof of claim is not "executed and filed in accordance with" the Bankruptcy Rules, however, it loses its prima facie evidentiary status. In that event, the claimant, not the objector, has the burden of going forward (as well as the burden of proof, which always rests with the claimant). *In re Chain*, 255 B.R. 278, 280-81 (Bankr. D. Conn. 2000); *see also In re Guidry*, 321 B.R. 712, 715 (Bankr. N.D. Ill. 2005).

Schulman's proof of claim (or *proofs* of claim, since she is now on what she describes as her "second amended" proof of claim) was not filed and executed in accordance with the Rules. Under Rule 3001(a), a proof of claim is "a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). The Rule adds that a proof of claim "shall conform substantially to the appropriate Official Form." *Id.* The official form in turn requires a claimant to state the "basis" for the claim. *See* Off. Bankr. Form 10. The instructions accompanying the form say that the claimant must "[s]tate the type of debt or how it was incurred." *Id.*

The case law provides a helpful gloss on these requirements. *See generally Maxwell v. Novell, Inc. (In re marchFirst, Inc.)*, 431 B.R. 436, 442-43 (Bankr. N.D. Ill. 2010). Because the purpose of a proof of claim is "'to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate,'" *Adair v. Sherman*, 230 F.3d 890, 896 (7th Cir. 2000) (quoting *International Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage &*

*Van Co.)*, 938 F.2d 731, 734 (7th Cir. 1991)), it must be "sufficiently specific" to give "notice" of the claim, *Aetna Cas. & Sur. Co. v. LTV Steel Co. (In re Chateaugay Corp.)*, 94 F.3d 772, 777 (2d Cir. 1996); *see also Gens v. Resolution Trust Corp.*, 112 F.3d 569, 575 (1st Cir. 1997) (proof of claim must give "adequate notice of the existence, nature, and amount of the claim"); *In re Rimsat, Ltd.*, 223 B.R. 345, 348 (Bankr. N.D. Ind. 1998) (creditor must "provide some kind of factual context" for the debtor's liability); *In re Grocerland Coop., Inc.*, 32 B.R. 427, 437 (Bankr. N.D. Ill. 1983) (proof of claim must supply "facts of sufficient particularity" to put parties on notice).

Not only must a proof of claim give adequate notice of the nature of the creditor's claim, but if the claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c). In accordance with this requirement, paragraph 7 of the official form instructs: "Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." *See* Off. Bankr. Form 10.

The latest version of Schulman's proof of claim fails to comply with these requirements. First, the proof of claim does not give adequate notice of the nature of the claim. In paragraph 2 on the first page, it states as the basis for the claim: "Breach of Fiduciary Duty." Nowhere, however, is the nature of the breach explained. Attached to the form is an itemization of amounts Schulman is apparently claiming in which she mentions "[w]ithdrawals by Levin from policies insuring [the] life of" Schulman herself and an unidentified "Goldie Schulman," as well as "[a]sserted [e]xpenditures by Levin," but at no point is any of this explained.

The proof of claim also purports to be proof of a secured claim. But in paragraph 7 of the

official form requiring the creditor to describe the nature of the property securing the claim, Schulman has checked the box marked "other" without providing the required description of the property. And the basis for perfection is stated as: "Interpleadeds" [*sic*]. Schulman evidently meant "interpleader," but this, too, is not explained.

In short, Schulman's proof of claim provides no "factual context" sufficient to give adequate notice of the nature of her claim. *Rimsat*, 223 B.R. at 348. Because the proof of claim is opaque, it is impossible for Levin (or the court) to know what evidence could possibly rebut the claim.

Second, Schulman has not attached to her proof of claim the writings on which the claim is apparently based. She attaches only the typed itemization of amounts she is claiming. The insurance policies from which Levin allegedly made "withdrawals" (whatever that means) are not attached, and neither are any documents memorializing the alleged "withdrawals," although these are presumably documents critical to the claim. Schulman's failure to attach these documents is enough in itself to deprive her proof of claim of its status as prima facie evidence of the claim. *See Guidry*, 321 B.R. at 715 (noting that the failure to attach supporting documents, though not a basis for objecting to a claim, will deprive the proof of claim of prima facie evidentiary status under Rule 3001(f)).

Because Schulman's proof of claim was not "executed and filed in accordance with" the Bankruptcy Rules, it cannot supply her prima facie case. Fed. R. Bankr. P. 3001(f). She therefore has the burden of going forward at today's hearing. But the May 31 sanctions order makes it impossible for her to meet that burden (to say nothing of her burden of proof) because the order bars her from introducing any evidence. She therefore cannot prevail at the hearing

under any circumstance. There is therefore no longer any reason to have the hearing. The hearing will be stricken in a separate order.

Because Schulman cannot meet her burden of proof, Levin's objection to Schulman's claim is sustained. *See Bibby Fin. Servs. (Midwest), Inc. v. Weadley (In re Weadley),* Nos. 06 B 1854, 007 A 683, 2008 WL 2397590, at *2 (Bankr. N.D. Ill. June 11, 2008) (sanctioning plaintiff for violation of pretrial order and noting that judgment would be entered in favor of defendant immediately because sanctions order meant plaintiff could not meet its burden of proof at trial).

Dated: June 6, 2011

                                        A. Benjamin Goldgar
                                        United States Bankruptcy Judge